## FILES v. DAVIS.

### (Circuit Court, E. D. Arkansas. January 24, 1903.)

1. ATTACHMENT BOND—SURETIES—LIABILITY.

Rev. St. U. S. § 995 [U. S. Comp. St. 1901, p. 711], provides that all money coming into the hands of an officer of the court must be deposited in the registry of the court; and section 996 [U. S. Comp. St. 1901, p. 711] provides for the manner of withdrawing the same. In attachment against several as partners, one of the defendants claimed sole ownership, and pleaded to the jurisdiction. Pending the proceedings the attached property was sold by order of court, and the proceeds deposited in the registry. The other defendants failing to defend, judgment was rendered against them. The attachment was sustained against all, and, as to the defendant who had filed the plea to the jurisdiction, the main action was continued. Without notice to him, the court ordered the money in the registry paid to the attaching plaintiff, which was done, and afterwards the plea to the jurisdiction was sustained. The attachment bond bound the sureties "to pay to the defendants all damages they or either of them may sustain by reason of the attachment if the order therefor is wrongfully obtained." *Held,* that the sureties were only liable for the value of the attached property, less the proceeds of the sale, and not for the sum erroneously paid to the attaching plaintiff.

Action against Surety on Attachment Bond.

This is an action against the surety on an attachment bond to recover damages alleged to have been sustained by the plaintiff, who was one of the defendants in the attachment suit. The facts, so far as they are necessary to a determination of the question involved, are as follows: George Scott instituted in this court an action by attachment against the plaintiff in this cause and some other parties, all of whom were charged to be partners. To obtain the attachment, Scott executed a bond, with the defendant's intestate as surety. The sole ownership of the property seized by the marshal under the writ issued is claimed by the plaintiff, who, in his answer in that cause, denied that he was a partner of the firm sued, or in any way liable in the action. He also filed a plea to the jurisdiction of the court. Pending these proceedings the attached property, which consisted of a stock of merchandise, was by order of court sold by the marshal, and the proceeds deposited in the registry of the court. The other defendants in that action failing to defend, judgment by default was rendered against them by the court, and the attachment sustained against all the parties, including this plaintiff, but as to the plaintiff in this action the main suit was continued. Without notice to this plaintiff, the then presiding judge of this court made an order directing that

the money realized from the sale of the attached property, then in the registry of the court, less the costs of the suit, be paid over to the attaching plaintiff, whereupon the clerk drew his warrant on the registry bank for the money, which was duly signed by the judge, for the sum of $3,247.87, and paid over to Scott. Upon the hearing of this plaintiff's plea to the jurisdiction, the court sustained it; and the question now to be determined is whether the surety on the attachment bond is liable, as a part of the damages alleged to have been sustained by plaintiff, for the money erroneously paid to his principal out of the registry of the court.

Rose, Hemingway & Rose, for plaintiff.
Ratcliffe & Fletcher, for defendant.

TRIEBER, District Judge (orally). The question is novel, and one not free from doubt. Neither the learned counsel nor the court has been able to find any opinion directly in point. Had the marshal or a sheriff paid the money to the plaintiff before there was a final judgment against the party who was the real owner of the property, he would have acted at his own peril. Nor would there be any doubt as to the law were this an action against the original plaintiff in the attachment suit, for he, having received the money, would clearly be liable. But in the case at bar the only defendant is the surety on the attachment bond. The general rule is well settled, and requires no citation of authorities, that the liability of sureties will be strictly construed in their favor, and not extended by implication or construction. They are favorites of the law, and their contract is strictissimi juris. The question, therefore, to be determined, is, what liabilities did the sureties on the attachment bond assume when they signed the bond, and bound themselves thereby "to pay to the defendants all damages they, or either of them, may sustain by reason of the attachment if the order therefor is wrongfully obtained." The bond having been executed in a proceeding pending in a national court, the statutes of the United States, if there are any on the subject, must govern. Section 995, Rev. St. [U. S. Comp. St. 1901, p. 711], provides that all moneys coming into the hands of an officer of a court must be deposited in the registry of the court, and section 996 provides for the manner of withdrawing same. When the sureties signed the bond, what liabilities did they assume? In the opinion of the court, the liability they assumed was that, in case it is determined that the order for attachment was wrongfully obtained, they would cause their principal to pay, or upon his default they would pay, to the defendants the value of the property seized, with 6 per cent. interest thereon from the time of the seizure, less the net proceeds of the attached property sold, which money would remain in the custody of the court, in its registry, until a final determination of the cause. That the money in the registry would be paid out by an erroneous order of the court, they had no right to, and did not, assume. Nor did they bind themselves to make good damages sustained by the mistake of the court. The plaintiff in that action, who received the money wrongfully, is, no doubt, liable therefor to the plaintiff in this case; but, in my opinion, the sureties are not. Some very strong reasons have been advanced by learned counsel for plaintiff why

their client should not be held liable for the mistakes of the court induced by defendant's principal. But sureties being favorites of the law, and their liabilities strictly construed, the court must resolve all doubts in its mind in their favor.

The court is of the opinion that the defendant is liable only for the value of the goods taken from him under the order of attachment, with 6 per cent. interest from that date to this, less the sum of $3,247.87 paid by the marshal into the registry of the court, which sum is to be credited as of. the 29th day of April, 1901, the day the original attachment suit was dismissed, for on that date plaintiff would have been entitled to the money in the court.